**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-08345-001-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Kristopher John Smith, | |
| Defendant. | |

The Defendant, Kristopher John Smith filed a Motion, in *pro se*, which the Court construes as a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 34). The Government has filed a Response opposing his Motion. (Doc. 36). For the following reasons, the Court will deny the Motion without prejudice to renew.

Upon review of the Defendant's Motion, it is abundantly clear that his request for release or, alternatively, to convert his term of custody to a term of probation, is based on a fear of being infected with COVID-19. (Doc. 35) ("I don't want to catch the corona virus and die in prison."). The Defendant expresses his fear of contracting the COVID-19 and describes an inability to access rehabilitation programs, and he also expresses remorse for his crimes of conviction. However, he fails to explain how his circumstances warrant this Court's review under the provisions of 18 U.S.C. § 3582(c)(1)(A) as set forth below.

### I.    Motions for Compassionate Release

Motions for compassionate release due to the COVID-19 pandemic are generally brought under 18 U.S.C. § 3582(c)(1)(A) which provides:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) In any case –
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant ***after the defendant has fully exhausted all administrative rights to appeal*** a failure of the Bureau of Prison to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> > (i) extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c) (emphasis added).

### a. Exhaustion of Remedies

A court "may not modify a term of imprisonment" unless the Congressionally mandated exception is present. 18 U.S.C. § 3582(c). That exception is present when either the motion to modify sentence is brought by the Federal Bureau of Prisons ("BOP"), "or upon motion of the defendant *after* the defendant has *fully exhausted all* administrative rights to appeal[.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The statutory language is unambiguous and not waivable. *See United States v. Weidenhamer*, 2020 WL 1929200 *2 (D. Ariz. Apr. 21, 2020) ("If the statutory language contains mandatory language . . . a court may not excuse a failure to exhaust") (citing *Ross v. Blake,* 136 S. Ct. 1850, 1858 at n.2 (2016)). Further, the Defendant must exhaust every claimed extraordinary and compelling reason. *See United States v. Baye*, 2020 WL 2857500 at *5 (D. Nev. June 6, 2020).

The statute prohibits this Court from acting without a showing by the Defendant that he has exhausted his available BOP administrative remedies. Here, there is nothing in the record to show that the Defendant has attempted to exhaust his administrative remedies. (*See* Doc. 35). Without a showing that the Defendant sought relief from the warden in the first instance, the Court is without jurisdiction to consider his Motion. Therefore, on the record before the Court, the Defendant's Motion must be denied for failure to exhaust his

administrative remedies.

### b. Showing of Extraordinary and Compelling Reasons

Once a defendant has exhausted his administrative remedies, he may seek relief from a district court. However, the defendant has the burden of proof to show that his request for compassionate release is warranted because of extraordinary and compelling reasons. Sentencing guideline section 1B1.13 n. 1 defines "extraordinary and compelling reasons" for compassionate release. It states the following:

> (1) the defendant is suffering from a terminal illness (i.e., serious advanced illness with an end of life trajectory) [Or] [t]he defendant is suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (2) The defendant is at least 65 years old[,] experiencing a serious deterioration in physical or mental health because of the aging process[,] and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (3) The death or incapacitation of the caregiver of the defendant's minor child or minor children[,] [or] [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner[,] or
>
> (4) As determined by the Director . . . there exists in the defendant's case an extraordinary and compelling reason other than [those described above].

*See* U.S.S.G. § 1B1.13 cmt. 1(A) - (B).

As currently written, the Defendant's Motion does not included information upon which the Court can make a finding that he meets any of the above criteria.

### c. The Sentencing Factors of 18 U.S.C. § 3553(a)

Finally, regardless of whether a district court finds that "extraordinary and compelling circumstances" exist to justify a defendant's release, the court must also consider the sentencing factors included in 18 U.S.C. § 3553(a). Those factors include "the

nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013). A court should not grant a sentence reduction unless it determines that the defendant is not a danger to the safety of any other person or to the community. *See* U.S.S.G. § 1B1.13(2).

The Defendant has included information about his desires to be successful in life, his inability to receive rehabilitation, his desire to be reunited with his children, and he has expressed remorse for his crimes of conviction. However, these bare statements, in and of themselves, are not enough to enable a court to make a proper analysis of the section 3553(a) factors.

Accordingly,

**IT IS ORDERED** denying the Defendant's Motion (Doc. 34) without prejudice to renew.

Dated this 3rd day of February, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge